NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2010
Decided May 25, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-1659

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> REY MARTINEZ-LESPIER, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 08 CR 451-1 <br><br> Robert M. Dow, Jr. <br> *Judge*. |

**O R D E R**

Rey Martinez-Lespier—a Mexican citizen who was removed from this country in 2003—pleaded guilty in 2008 to re-entering the United States illegally. *See* 8 U.S.C. § 1326(a). The district court sentenced him to a 34-month term of imprisonment. Martinez-Lespier appeals, but his appointed counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Martinez-Lespier has filed a response, opposing counsel's motion. *See* CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief and in Martinez-Lespier's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Martinez-Lespier has expressed no desire to withdraw his guilty plea, so counsel properly refrains from examining the validity of the plea under Federal Rule of Criminal Procedure 11. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel considers challenging the district court's calculation of the sentencing guidelines range for Martinez-Lespier but concludes correctly that the court committed no errors. The court accurately determined that Martinez-Lespier's offense level was 13 and that, with a total of 12 criminal-history points, he fell into criminal-history category V, yielding a guidelines range of 30-37 months' imprisonment.

Counsel also examines whether Martinez-Lespier could challenge the reasonableness of his sentence or the district court's consideration of the sentencing factors in 18 U.S.C. § 3553(a). But the court imposed a term of 34 months' imprisonment, and we would presume that a sentence within the guidelines range is reasonable. *United States v. Zohfeld*, 595 F.3d 740, 743 (7th Cir. 2010). Nothing in this case rebuts that presumption. The court also properly considered the factors outlined in § 3553(a). The court took note of Martinez-Lespier's significant criminal record—including prior illegal entry into the United States—and his use of several aliases to evade detection, yet acknowledged that most of his past crimes were "not that serious" and took place "15 or 20 years ago." *See* 18 U.S.C. § 3553(a)(1). The court also reasoned that Martinez-Lespier's status as a repeat offender, his criminal history, and his willingness to ignore prior removal orders suggested a lack of respect for the law, *see id*. § 3553(a)(2)(A), and concluded that the punishment he had received in the past had not been adequate to deter him, *see id*. § 3553(a)(2)(B). It would be frivolous to argue that the sentence was unreasonable.

Martinez-Lespier, for his part, argues that his removal in 2003 (the proceedings of which, he asserts, were unjust) should not have been used to establish the present illegal re-entry offense. *See* 8 U.S.C. § 1326(a)(1), (d). But in Martinez-Lespier's plea agreement, he waived all appellate issues that might have arisen had he gone to trial, except for issues related to the validity of the plea and the sentence imposed. The broad appeal waiver would preclude our review of his § 1326(d) argument.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.